57 F.3d 1065
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 DATOR CORPORATION, Plaintiff-Appellant,
v.
RUFUS S. LUSK & SON, INCORPORATED, Defendant-Appellee.
RUFUS S. LUSK & SON, INCORPORATED, Plaintiff-Appellant,
v.
DATOR CORPORATION; React Service Corporation; Reach
Corporation; Michael L. Jacobson, Defendants-Appellees.
 Nos. 94-1365, 94-1401.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 1, 1995.
Decided June 14, 1995.
 
 ARGUED: Robert P. Dolian, CUMMINGS & LOCKWOOD, Stamford, Connecticut, for Appellant. Martin Joseph Jaron, Jr., GINSBURG, FELDMAN & BRESS, CHARTERED, Washington, D.C., for Appellee. ON BRIEF: Stephen J. Curley, CUMMINGS & LOCKWOOD, Stamford, Connecticut; Stephen C. Price, PRICE & ZIMMERMAN, Leesburg, Virginia, for Appellant. John E. Schwarz, James E. McNair, GINSBURG, FELDMAN & BRESS, CHARTERED, Washington, D.C., for Appellee.
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 In this diversity action based on Virginia law, Dator Corporation sued Rufus S. Lusk & Son, Inc., for breach of a contract in which Lusk agreed to provide computerized real estate information including deed transfers and assessment data. Two days after Dator filed its action, Lusk sued Dator, charging--among several causes of action not pertinent to this appeal--breach of contract, conspiracy to induce breach of contract, and conversion. The district court consolidated the actions, treating Lusk's complaint as a compulsory counterclaim.
 
 
 2
 In a bench trial, the district court found that Dator breached the contract, and it awarded Lusk damages. The court held against Lusk on its claim of conspiracy and consequently denied treble damages and attorney's fees. Both parties have appealed. We affirm.
 
 
 3
 With respect to the breach of contract issue, the district court correctly construed the contract. Its factual findings, including those pertaining to damages, are amply supported by the record. Finding no error, we affirm on this issue for reasons adequately stated by the district court.
 
 
 4
 Lusk claimed that Dator, two affiliated corporations, and Michael L. Jacobson, who was majority stockholder of the three corporations and president of Dator, all conspired to cause Dator to break its contract with Lusk. The district court rejected this claim, concluding that Jacobson's control of the operations of all three closely affiliated corporations, as well as the corporations' exchange of resources, computers, and personnel precluded a finding of conspiracy. Cf. Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752, 771-72 (1989); Advanced Health-Care Serv. v. Radford Com. Hosp., 910 F.2d 139, 146 (4th Cir.1990); Blankenship v. Herzfeld, 721 F.2d 306, 309-10 (10th Cir.1983). The district court implicitly rejected the notion that another company which Lusk did not name as either a defendant or conspirator in its complaint or in the pretrial order was a conspirator. We affirm on the claim of conspiracy for reasons adequately stated by the district court.
 
 
 5
 In the count charging conversion, Lusk complained that Dator used Lusk's data for commercial purposes other than those specified in the contract without permission and without additional compensation. It relies on a provision in the contract that specified that the data was "proprietary to Lusk" and that Dator could not use the data "except for the license and use" granted by the contract. Lusk introduced evidence in support of its claim. Dator denied misuse of the data.
 
 
 6
 Under Virginia law, there is no separate cause of action in tort for breach of contract. Wright v. Everett, 90 S.E.2d 855 (1956). Parties may not import tort claims into contract cases by reformulating a breach of contract claim in tort language. Kamlar Corp. v. Haley, 299 S.E.2d 514, 517 (Va.1983). Rather, any tort claim appended to a contract action must be wholly independent of the breach of contract claim. Id. at 518. In other words, "the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." Foreign Mission Board v. Wade, 409 S.E.2d 144, 148 (Va.1991).
 
 
 7
 The allegation of conversion in this case does not amount to an independent tort. If Dator Corp. had not breached the contract, there would be no grounds on which to allege conversion. Indeed, there is no basis for this claim outside the contract, as evinced by Lusk's reliance on specific contractual provisions in propounding its "conversion" claim. As Lusk notes, the contract allowed Dator to use Lusk's data for certain particular purposes outlined in the "license and use" provision. Dator's misuse, or "conversion," of the data for additional purposes is therefore merely a breach of contract, and Lusk cannot reallege it as a tort claim in order to obtain additional damages.
 
 
 8
 The district court recognized this point in its findings of fact and computation of damages. First, its findings of fact on the breach of contract specifically address Dator's use of Lusk's data in ventures outside those covered by the contract, and thereby treats the conversion allegation as part and parcel of the contract claim. Second, its computation of damages merely subsumes the remedy for conversion within the damages for breach of contract. No more was required in these circumstances.
 
 The judgment of the district court is
 
 9
 AFFIRMED.
 
 
 10
 BUTZNER, Senior Circuit Judge, concurring in part and dissenting in part:
 
 
 11
 I readily concur in the affirmance of the district court's disposition of the contract claim.
 
 
 12
 Dissenting, I would remand--rather than deny at this stage of the proceedings--Lusk's conversion claim. Lusk has justifiably protested to us the district court's failure to comply with Fed.R.Civ.P. 52 which requires a district court to find facts and state its conclusion of law. The district court should remedy this deficiency. See Sweeney Co. v. Engineers-Constructors, Inc., 823 F.2d 805, 811-12 (4th Cir.1987).
 
 
 13
 Among the purposes of Rule 52 are to provide a foundation for appellate review and to promote confidence in decision making. See Wright & Miller, Federal Practice and Procedure: Civil 2d Sec. 2571. Compliance with the rule prevents speculation about the reasons for the outcome of a case. Unfortunately, the district court's silence about the issue of conversion has led to speculation run riot.
 
 
 14
 Lusk pleaded common law conversion in count V of its complaint. It alleged that Dator used Lusk's data without consent for commercial purposes. Both in its pleading and in its evidence it referred to the contract with Dator only to show that the acts allegedly causing the conversion were not permitted by the contract. It introduced proof of damages entirely separate from the damages it alleged and ultimately obtained because of Dator's breach of contract. Parenthetically, I note that Lusk seeks compensatory and punitive damages. If the facts established that Dator's alleged misuse of the data was a breach of the contract, Lusk's claim of punitive damages is doomed by Wright v. Everett, 197 Va. 608, 615, 90 S.E.2d 855, 860 (1956), and Kamlar Corp. v. Haley, 224 Va. 699, 707, 299 S.E.2d 514, 518 (1983). Even if conversion is a separate claim, punitive damages appear to be unavailable because in another context the district court found that Dator's principals did not act maliciously.
 
 
 15
 The district court wrote an excellent opinion in which it meticulously found all relevant facts and fully explained its conclusions of law on the contract issue. But the court wrote nothing about the conversion issue. It did not even mention this claim, although the record discloses that Lusk pressed it by pleading, evidence, and argument.
 
 
 16
 On appeal Dator suggests that the district court ruled in its favor because the district court credited its evidence that it did not misuse the data. Lusk points out that the district court made no findings on the conversion evidence and it disputes that the court ruled in Dator's favor on this issue. It asks us to remand, directing the district court to comply with Rule 52.
 
 
 17
 Neither party has briefed the theory of misjoinder of tort and contract or the theory that the conversion claim was subsumed by the contract claim. Although members of the court at oral argument questioned counsel about these theories, neither counsel was able to present an informed answer that reflected research on the subject. Apparently these theories were not raised during the trial, and the record does not show that the district court considered them.
 
 
 18
 It is not my purpose to speculate whether Lusk or Dator should prevail on the conversion issue. It is sufficient to note that Lusk could make a colorable argument against misjoinder and the notion that the alleged conversion was part and parcel of the breach of contract. The common law rule barring misjoinder has been modified by Va.Code Ann. Sec. 8.01-272 (Michie 1992), which provides: "A party may join a claim in tort with one in contract provided that all claims so joined arise out of the same transaction or occurrence." See Chesapeake and Potomac Tel. Co. v. Sisson and Ryan, Inc., 234 Va. 492, 506, 362 S.E.2d 723, 731 (1987). The Virginia Supreme Court has explained that the duty tortiously breached "must be a common law duty, not one existing between the parties solely by virtue of the contract." Foreign Mission Bd. v. Wade, 242 Va. 234, 241, 409 S.E.2d 144, 148 (1991). In Virginia conversion is recognized as a common law tort. United Leasing Corp. v. Thrift Ins. Corp., 247 Va. 299, 305, 440 S.E.2d 902, 905 (1994). Lusk's claim of conversion might fit nicely within Virginia law. Whether the claim satisfies all the elements of conversion is not ripe for decision in this proceeding. Lusk's breach of contract claim was decided on the failure of Dator to make monthly payments required by the contract. Even if Dator had made these payments and thus did not breach the contract, it still could be liable on Lusk's common law conversion claim.
 
 
 19
 I express no opinion about the merits of the conversion claim. But I do have an opinion about the justified expectation of litigants to have a district court explain its decision as required by Rule 52. Litigants are entitled to appellate review, honed by adversarial brief and argument, without the necessity of the appellate court's speculation about what the district court decided. Rule 52 is designed to accomplish these salutary results. I would remand the conversion issue with the request that the district court find the relevant facts and state its conclusions of law. Because this is not being done, I respectfully dissent.